# EXHIBIT 1

**EXECUTION VERSION**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Civ. A. No. 2:17-CV-3711-TJS |
| Plaintiff, | <u>ELECTRONICALLY FILED</u> |
| v. | |
| ENDO INTERNATIONAL PLC, *et al.*, | |
| Defendants. | |

### <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement dated August 22, 2019 ("Stipulation") is entered into between Court-appointed Lead Plaintiff SEB Investment Management AB ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 1(xx) below),[1] and defendants Endo International plc, Endo Health Solutions Inc., Blaine T. Davis, Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Alan G. Levin, and Julie H. McHugh (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action ("Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve and dismiss with prejudice all claims asserted or that could have been asserted in the Action against

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

**EXECUTION VERSION**

Defendant Releasees (*i.e.*, the "Released Plaintiff Claims" as specifically defined in ¶ 1(rr) below), subject only to the exclusions expressly set forth in ¶ 1(rr) below.

WHEREAS:

A.     On August 18, 2017, the initial complaint was filed in the Action.  In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B.     Thereafter, five motions were filed by movants seeking appointment as lead plaintiff. By Order dated December 4, 2017, the Court appointed SEB Investment Management AB as Lead Plaintiff and Kessler Topaz Meltzer & Check, LLP as Lead Counsel.

C.     On February 5, 2018, Lead Plaintiff filed the operative complaint in the Action, the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), asserting claims under:  (i) § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), against Endo International plc and Endo Health Solutions Inc. (together referred to herein as "Endo"), and Paul V. Campanelli, Blaine T. Davis, Matthew W. Davis, M.D. R.Ph., Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Susan Hall, Ph.D., David P. Holveck, Alan G. Levin and Julie H. McHugh (the "Individual Exchange Act Defendants"); (ii) § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Exchange Act Defendants; (iii) § 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k, against Endo and Rajiv Kanishka Liyanaarchchie De Silva, Suketu P. Upadhyay, Daniel A. Rudio, Roger H. Kimmel, Shane M. Cooke, John J. Delucca, Arthur J. Higgins, Nancy J. Hutson, Ph.D., Michael Hyatt, William P. Montague, Jill D. Smith, and William F. Spengler (the "Individual Securities Act

2

Defendants"); and (iv) § 15 of the Securities Act, 15 U.S.C. § 77o, against the Individual Securities Act Defendants.

D.      All defendants named in the Amended Complaint moved to dismiss the Amended Complaint on April 2, 2018.  On May 4, 2018, Lead Plaintiff filed its response in opposition to defendants' motion to dismiss, and on May 31, 2018, defendants filed a reply in support of their motion.  The Court heard oral argument on defendants' motion to dismiss on September 26, 2018.

E.      By Memorandum Opinion dated December 10, 2018, the Court granted in part and denied in part defendants' motion to dismiss the Amended Complaint.  Pursuant to its Order, the Court granted defendants' motion to dismiss with respect to all claims asserted against Paul V. Campanelli, Matthew W. Davis, M.D. R.Ph., Susan Hall, Ph.D., and David P. Holveck, and denied the motion in all other respects.

F.      The remaining defendants filed their answers and affirmative defenses to the Amended Complaint on March 15, 2019.  Thereafter, the Parties commenced discovery. Discovery included, among other things, the exchange of document requests and interrogatories between the Parties, the production of approximately 190,000 documents by the Parties, document subpoenas to eighteen non-parties and their production of approximately 230,000 additional documents, the exchange of expert reports on class certification and depositions of the Parties' class certification experts, and the notice and scheduling of depositions for five of Endo's former employees that were set to begin in the week that the Parties reached an agreement-in-principle to settle the Action.

G.      On May 22, 2019, the Parties filed a stipulation of voluntary dismissal of Lead Plaintiff's claims under §§ 11 and 15 of the Securities Act pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Pursuant to Order dated May 23, 2019, the Court, upon consideration of the Parties' stipulation, specifically dismissed without prejudice Counts III and

IV of the Amended Complaint.  As a result of this order, Suketu P. Upadhyay, Daniel A. Rudio, Roger H. Kimmel, Shane M. Cooke, John J. Delucca, Arthur J. Higgins, Nancy J. Hutson, Ph.D., Michael Hyatt, William P. Montague, Jill D. Smith, and William F. Spengler were dismissed from the Action.

   H.  On May 22, 2019, Lead Plaintiff filed a motion for certification of a class consisting of all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby, and for appointment of Lead Plaintiff as class representative and Lead Counsel as class counsel ("Motion to Certify").

   I.  On June 12, 2019, Defendants filed their response in opposition to the Motion to Certify, along with a motion to exclude the opinion of Lead Plaintiff's expert, Joseph R. Mason, Ph.D. ("Motion to Exclude").  On June 28, 2019, Lead Plaintiff filed a reply in further support of its Motion to Certify and a response in opposition to Defendants' Motion to Exclude.  On July 3, 2019, the Court ordered the deposition of Dr. Mason to be taken on July 18, 2019.

   J.  At Endo's request, Lead Plaintiff was invited to participate in a February 4, 2019 formal mediation before former U.S. District Court Judge Layn R. Phillips ("Judge Phillips") which also involved the parties in several other pending securities class action cases against Endo. That mediation was unsuccessful with respect to this Action, as the Parties were too far apart in their respective positions to reach a resolution of the Action at that time.

   K.  While Lead Plaintiff's Motion to Certify and Defendants' Motion to Exclude were pending, and after the Parties had conducted significant document discovery and depositions were scheduled to begin, and following several months of further negotiation facilitated by Judge Phillips, the Parties accepted a mediator's recommendation on July 15, 2019 to resolve the Action

4

for $82.5 million in cash.  Thereafter, the Parties notified the Court of their agreement-in-principle to settle.

L.       This Stipulation (together with the exhibits attached hereto) reflects, subject to Court approval, the final and binding agreement between the Parties to resolve the Action.

M.       Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel and experts retained by Lead Plaintiff on damages, causation, and Endo's current and future financial condition, Lead Plaintiff has agreed to settle and release the Released Plaintiff Claims (as defined below in ¶ 1(rr)) as against Defendants and the other Defendant Releasees pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the financial benefit that the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

N.       As set forth below, Defendants deny, and continue to deny, each and every allegation by Lead Plaintiff and deny any liability relating to the allegations that have been made, or could be made, in the Action and neither the Settlement nor any terms of the Stipulation represent a finding or concession of wrongdoing or liability as to any Defendant.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff Claims as against the Defendant

**EXECUTION VERSION**

Releasees and all Released Defendant Claims as against the Plaintiff Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

### **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means *SEB Investment Management AB v. Endo International PLC, et al.*, Civ. A. No. 2:17-CV-3711-TJS (E.D. Pa.).

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form different from the form of Judgment provided for in this Stipulation.

(c)      "Amended Complaint" means the Amended Complaint for Violations of the Federal Securities Laws filed in the Action on February 5, 2018.

(d)      "Authorized Claimant" means a Settlement Class Member who or which submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)      "Claim" means a paper claim on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution from the Net Settlement Fund.

(g)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

6

(h)    "Claims Administrator" means JND Legal Administration, the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members in the Action and to administer the Settlement.

(i)    "Class Distribution Order" means an order to be entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)    "Class Period" means the period of time between November 30, 2012 and June 8, 2017, inclusive.

(k)    "Court" means the United States District Court for the Eastern District of Pennsylvania.

(l)    "Defendant Releasees" means: (i) Defendants and Dismissed Defendants and their attorneys; (ii) Defendants' and Dismissed Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers and reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates of each of the foregoing; and (iii) all current and former officers, directors, and employees of Endo, in their capacities as such.

(m)    "Defendants" means Endo International plc, Endo Health Solutions Inc., and the Individual Defendants (as defined below).

(n)    "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Morgan, Lewis & Bockius LLP.

(o)    "Dismissed Defendants" means Paul V. Campanelli, Matthew W. Davis, M.D. R.Ph., Susan Hall, Ph.D., David P. Holveck, Suketu P. Upadhyay, Daniel A. Rudio, Roger

H. Kimmel, Shane M. Cooke, John J. Delucca, Arthur J. Higgins, Nancy J. Hutson, Ph.D., Michael Hyatt, William P. Montague, Jill D. Smith, and William F. Spengler.

(p)      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 38 of this Stipulation have been met and have occurred or have been waived.

(q)      "Endo" means Endo International plc and/or Endo Health Solutions Inc.

(r)      "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(s)      "Escrow Agent" means The Huntington National Bank.

(t)      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)      "Exchange Act" means the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.

(v)      "Final," with respect to the Judgment or, if applicable, the Alternative Judgment, or any other Court order means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted,

the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the Plan of Allocation for the Net Settlement Fund (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or, if applicable, the Alternative Judgment, from becoming Final.

(w)    "Immediate Family" means children, stepchildren, grandchildren, parents, stepparents, grandparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state recognized domestic relationship or civil union.

(x)    "Individual Defendants" means Blaine T. Davis, Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Alan G. Levin, and Julie H. McHugh.

(y)    "Judge Phillips" means former U.S. District Court Judge Layn R. Phillips.

(z)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Lead Counsel" means the law firm of Kessler Topaz Meltzer & Check, LLP.

(bb)    "Lead Plaintiff" means SEB Investment Management AB.

(cc)    "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(dd)   "Motion to Certify" means Lead Plaintiff's motion for certification of a class consisting of all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby, and for appointment of Lead Plaintiff as class representative and Lead Counsel as class counsel.

(ee)   "Motion to Exclude" means Defendants' motion to exclude the opinion of Lead Plaintiff's expert, Joseph R. Mason, Ph.D.

(ff)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(gg)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be posted on the Settlement Website and mailed or e-mailed to Settlement Class Members upon request.

(hh)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account, and the costs, fees and expenses incurred by the transfer agent in obtaining and providing the shareholder lists of purchasers of record contemplated by ¶ 24.

**EXECUTION VERSION**

(ii) "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

(jj) "Plaintiff Releasees" means: (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(kk) "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of Lead Plaintiff and the Settlement Class in the Action.

(ll) "Plan of Allocation" means the proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund to eligible Settlement Class Members, as submitted or subsequently modified.

(mm) "Postcard Notice" means the notice, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be mailed and/or e-mailed to Settlement Class Members.

(nn) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

11

**EXECUTION VERSION**

(pp)    "Released Claims" means all Released Defendant Claims and all Released Plaintiff Claims.

(qq)    "Released Defendant Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, direct or derivative, class or individual in nature, apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly, representatively or derivatively, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  "Released Defendant Claims" do not include any claims relating to the enforcement of the Settlement.

(rr)    "Released Plaintiff Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, direct or derivative, class or individual in nature, apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as

defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly, representatively or derivatively, that have been or could have been asserted against any of the Defendant Releasees in any court or forum based upon any allegations, transactions, facts, matters or occurrences, representations, omissions, or asserted damages through the Effective Date, including but not limited to claims under the Securities Act and/or the Exchange Act and that relate to the purchase, other acquisition, or sale of Endo common stock or ordinary shares on a United States securities exchange during the Class Period.   "Released Plaintiff Claims" do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any of the claims currently asserted (or asserted in the future solely to correct technical pleading deficiencies in the claims currently asserted) in any of the following actions: *Pub. Emps.' Ret. Sys. of Miss. v. Endo Int'l plc*, No. 2017-02081-MJ (Chester C.C.P.), *Pelletier v. Endo Int'l plc*, No. 2:17-cv-05114-JP (E.D. Pa.), and *Makris v. Endo Int'l plc*, No. 17-cv-573962 (Ontario Super. Ct. of Justice) (to the extent it makes claims with respect to shares that were not purchased on a United States securities exchange); or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ss) "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(tt) "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

(uu) "Securities Act" means the Securities Act of 1933, 15 U.S.C. §§ 77a et seq.

(vv) "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(ww)   "Settlement Amount" means Eighty-Two Million Five Hundred Thousand Dollars ($82,500,000) in cash to be paid pursuant to ¶ 11 of this Stipulation.

(xx)   "Settlement Class" means all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares[2] between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) present or former executive officers and directors of Endo during the Class Period, including the Individual Defendants, the Dismissed Defendants, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (ii) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; (iii) any entity in which the foregoing entities or individuals have or had a controlling interest, or any affiliate of Endo, and (iv) any person or entity who or which purchased, sold, or otherwise acquired Endo ordinary shares on the Toronto Stock Exchange.  Also excluded from the Settlement Class are any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(yy)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(zz)   "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(aaa)   "Settlement Fund" means the Settlement Amount plus any accrued interest thereon while in escrow.

---

[2]   Effective February 28, 2014, all of Endo Health Solutions, Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis.  Accordingly, persons and entities who purchased or otherwise acquired either common stock or ordinary shares (collectively, "common stock") are Settlement Class members.

(bbb)  "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

(ccc)  "Stipulation" means this Stipulation and Agreement of Settlement.

(ddd)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(eee)  "Supplemental Agreement" means the Confidential Supplemental Agreement Regarding Requests for Exclusion executed simultaneously with this Stipulation, as described in ¶ 42 below.

(fff)  "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any estimated taxes, interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ggg)  "Tax Expenses" means the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

15

**EXECUTION VERSION**

(hhh)   "Termination Threshold" has the meaning ascribed to it in the Supplemental Agreement.

(iii)   "Unknown Claims" means any Released Plaintiff Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendant Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims.  The definition of "Unknown Claims" expressly incorporates the claims set forth in California Civil Code § 1542, which the Parties have released pursuant to ¶ 7 below.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation and no later than August 23, 2019, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement, the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. Lead Plaintiff's motion for preliminary approval shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## CLASS CERTIFICATION

3.     Solely for the purpose of the Settlement, the Parties hereby stipulate and agree to: (a) certification of the Action as a class action, pursuant to Rules 23(a) and (b)(3) of the Federal

16

Rules of Civil Procedure, consistent with the definition of the Settlement Class; (b) appointment of Lead Plaintiff as representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Lead Plaintiff will move for entry of the Preliminary Approval Order, which will provisionally certify the Action to proceed as a class action for settlement purposes only.  Lead Plaintiff will move for final certification of the Settlement Class for settlement purposes only in connection with its motion for final approval of the Settlement.  Defendants expressly reserve the right to contest class certification in the event that the Effective Date does not occur.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff Claims against any of the Defendant Releasees.  It is an important element to Defendants' participation in this Settlement that the Defendant Releasees obtain the fullest possible release from liability to Lead Plaintiff or any

Settlement Class Member relating to the Released Claims, and it is the intention of the Parties that any liability of the Defendant Releasees relating to the Released Claims be eliminated.

6.      Pursuant to the Judgment, or the Alternative Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff Releasees.

7.      With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed

18

to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

8.      Notwithstanding ¶¶ 5-7 above, nothing in the Judgment, or the Alternative Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternative Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      All of the Defendants deny, and continue to deny, that they have committed any act or omission giving rise to any liability under the Exchange Act, under the Securities Act, or otherwise.  Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Settlement Class have suffered any damages, or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  The Settlement Amount is to be funded by insurance carriers, and neither Endo nor any of the Individual Defendants is contributing financially to the Settlement.

10.     As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damages whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

11.     In consideration of the full settlement of the claims asserted in the Action against Defendants and the Releases specified in ¶¶ 5-7 above, Endo shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) business days after the Court's entry of the Preliminary Approval Order. Lead Plaintiff will provide to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, account number, and a signed Form W-9 reflecting the taxpayer identification number for the Settlement Fund.

## USE OF SETTLEMENT FUND

12.     The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, awarded by the Court; and (d) any attorneys' fees awarded by the Court.  Under no circumstances will Defendants or any of the other Defendant Releasees

**EXECUTION VERSION**

be required to pay more than the Settlement Amount.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 23-36 below.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

14.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes or Tax Expenses owed with

respect to the Settlement Fund.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.    All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendant Releasees shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses, which shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 14 and 15 of this Stipulation.

16.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, other Defendant Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation,

22

the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation contained in the Notice) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Prior to the Effective Date of the Settlement, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable up to $750,000.  Following the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs that exceed $750,000. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, the Notice and Administration Costs paid or incurred, including any related fees (subject to the pre-Effective Date $750,000 maximum set forth above), shall not be returned or repaid to Defendants, any of the other Defendant Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

18.     Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Plaintiffs' Counsel's Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

**EXECUTION VERSION**

19.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  Any refunds required pursuant to this paragraph shall be the joint and several obligation of Plaintiffs' Counsel that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

20.     The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any

appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment.

21.     Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.  The Defendant Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

22.     The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel pursuant to this Stipulation shall be payable solely from the Settlement Fund.  With the sole exception of Endo's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 11 above, Defendant Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Settlement Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

23.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Endo's obligation to provide Lead Counsel or the Claims Administrator with Endo's shareholder lists as provided in ¶ 24 below, none of Defendants, nor any of the other Defendant Releasees, shall have

any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members or Plaintiffs' Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

24.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days after the Court's entry of the Preliminary Approval Order, Endo shall instruct its transfer agent to provide to Lead Counsel or the Claims Administrator, in electronic format, such as Excel, shareholder lists of purchasers of record during the Class Period (consisting of names and addresses, as well as e-mail addresses if available), to the extent such lists are available, and shall provide Lead Counsel with information sufficient for Lead Counsel to effect payment of any fees or expenses, if any, of the transfer agent that were necessary to obtain and provide such shareholder lists.  It shall solely be Lead Counsel's responsibility to pay the transfer agent's fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by this ¶ 24, provided, however, that such fees and expenses may be paid out of the Settlement Fund as Notice and Administration Costs pursuant to ¶ 17.

25.     It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice, Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Defendants or any of the other Defendant Releasees or Defendants' Counsel with respect to any claims they may have arising from any failure of the notice process.

26.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund as calculated pursuant to the proposed Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A (or such other plan of allocation as the Court approves).

27.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation approved in this Action.  Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendant Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved Plan of Allocation.

28.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for

27

herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiff Claims in the event that the Effective Date occurs with respect to the Settlement.

29.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendant Releasee, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim, nor shall any Defendant Releasee have any responsibility for, interest in, or liability for any decision.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

30.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Notice, Summary Notice and Claim Form. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this

28

Stipulation (unless subject to ¶ 29 above or by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Defendant Releasees with respect to any Released Plaintiff Claim. A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims, nor against any Defendants or any other Defendant Releasee.

32.      Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.      Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net

Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiff Claims.

34.    No person or entity shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendant Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiff, Lead Plaintiff's damages consultant, Defendants, all other Releasees, and their respective counsel shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

35.    To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after

deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is no longer cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Plaintiff and approved by the Court.

36.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

<u>**TERMS OF THE JUDGMENT AND RELATED PROCEEDINGS**</u>

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF**
<u>**DISAPPROVAL, CANCELLATION OR TERMINATION**</u>

38.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternative Judgment and none of the Parties seeks to terminate the Settlement and the Alternative Judgment has become Final.

39.    Upon the occurrence of all of the events referenced in ¶ 38 above, any and all remaining interest or right of Defendants or any other Defendant Releasee in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

40.    If: (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c)    the terms and provisions of this Stipulation, with the exception of this ¶ 40 and ¶¶ 17, 19, 42-44, and 64, shall have no further force and effect with respect to the Parties and

shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternative Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)     Defendants' Counsel and Lead Counsel shall, within ten (10) business days of the occurrence of any of the conditions in this ¶ 40, send joint written notification of termination to the Escrow Agent; and

(e)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to the parties who contributed to the payment of the Settlement Amount as instructed by Defendants' Counsel. In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants' Counsel may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.  At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s), of such refund to the person(s) that made the deposits or as otherwise directed by Defendants' Counsel.

41.     It is further stipulated and agreed that Lead Plaintiff, on the one hand, and Defendants, on the other hand, shall each have the right to terminate the Settlement and this

Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the entry of an Alternative Judgment that differs in any material respect from the Judgment; (b) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (c) the Court's final refusal to approve the Settlement or any material part thereof; (d) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (e) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (f) the date upon which an Alternative Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court.  The provisions of ¶ 40 above shall apply to any such termination. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

42.     In addition to the foregoing, Endo International plc ("EIP"), in accordance with the terms set forth in the Supplemental Agreement (defined below), shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which EIP shall have the option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the

"Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.

43.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 41-42 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

## NO ADMISSION OF WRONGDOING

44.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation or the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees

or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims is without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

45.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.     Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

**EXECUTION VERSION**

47.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and the other Defendant Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 40(b) above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 19, above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes and Tax Expenses paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶¶ 40(d)-(e) above.

48.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any Settlement Class Member against the Defendant Releasees with respect to the Released Plaintiff Claims. Accordingly, Lead Plaintiff and its counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. § 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense,

or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties through a mediation process supervised and conducted by Judge Phillips, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

49.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

50.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.     Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiff Claims against any of the Defendant Releasees.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

**EXECUTION VERSION**

54.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement.   All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

55.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

57.     The construction, interpretation, operation, effect and validity of this Stipulation and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Pennsylvania without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

40

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or<br>Lead Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn: Sharan Nirmul<br>280 King of Prussia Road<br>Radnor, PA  19087<br>Telephone:  (610) 667-7706<br>Facsimile:  (610) 667-7056<br>Email:  snirmul@ktmc.com |
| If to Defendants or<br>Defendants' Counsel: | Latham & Watkins LLP<br>Attn: Jeff G. Hammel<br>885 Third Avenue<br>New York, NY  10022<br>Telephone:  (212) 906-1200<br>Facsimile:  (212) 751-4864<br>Email:  jeff.hammel@lw.com |

63.     Except as otherwise provided herein, each party shall bear its own costs.

64.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

65.     Any disputes that arise regarding the finalization of the Settlement shall be referred to the mediator, Judge Phillips, for binding resolution.

**EXECUTION VERSION**

66.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 22, 2019.

> **KESSLER TOPAZ MELTZER**
> **& CHECK, LLP**
>
> Sharan Nirmul (PA # 90751)
> Johnston de F. Whitman, Jr. (PA # 207914)
> Michelle M. Newcomer (PA # 200364)
> Margaret E. Mazzeo (PA # 312075)
> Evan R. Hoey (PA # 324522)
> 280 King of Prussia Road
> Radnor, PA 19087
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056
> snirmul@ktmc.com
> jwhitman@ktmc.com
> mnewcomer@ktmc.com
> mmazzeo@ktmc.com
> ehoey@ktmc.com
>
> *Counsel for Lead Plaintiff SEB Investment*
> *Management AB and the Proposed Settlement Class*

**LATHAM & WATKINS LLP**

Miles N. Ruthberg (admitted *pro hac vice*)
James E. Brandt (admitted *pro hac vice*)
Jeff G. Hammel (admitted *pro hac vice*)
Thomas J. Giblin (admitted *pro hac vice*)
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
miles.ruthberg@lw.com
james.brandt@lw.com
jeff.hammel@lw.com
thomas.giblin@lw.com

J. Gordon Cooney, Jr. (PA # 42636)
Laura Hughes McNally (PA # 310658)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
gordon.cooney@morganlewis.com
laura.mcnally@morganlewis.com

*Counsel for Defendants*

43

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Civ. A. No. 2:17-CV-3711-TJS |
| | <u>ELECTRONICALLY FILED</u> |
| Plaintiff, | |
| v. | |
| ENDO INTERNATIONAL PLC, *et al.*, | |
| Defendants. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative securities class action is pending in this Court entitled *SEB Investment Management AB v. Endo International plc, et al.* (the "Action");

WHEREAS, Lead Plaintiff SEB Investment Management AB, on behalf of itself and the Settlement Class, and defendants Endo International plc, Endo Health Solutions Inc., Blaine T. Davis, Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Alan G. Levin, and Julie H. McHugh (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), have determined to settle all claims asserted or that could have been asserted in the Action against Defendants and the other Defendant Releasees (i.e., the "Released Plaintiff Claims" as specifically defined in ¶ 1(rr) of the Stipulation defined below) with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 22, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, Defendants do not oppose Lead Plaintiff's motion;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; (b) the Parties' Stipulation and the exhibits attached thereto; and (c) the record in the Action, and has found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Incorporation of Definitions** – This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.     **Provisional Certification of the Settlement Class** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a class defined as all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares[1] between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are: (i) present or former executive officers and directors of Endo during the Class Period, including the Individual Defendants, the Dismissed Defendants, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (ii) any of the

---

[1]     Effective February 28, 2014, all of Endo Health Solutions Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis.  Accordingly, persons and entities who purchased or otherwise acquired either common stock or ordinary shares (collectively, "common stock") between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby are Settlement Class members.

foregoing entities' and individuals' legal representatives, heirs, successors or assigns; (iii) any entity in which the foregoing entities or individuals have or had a controlling interest, or any affiliate of Endo; and (iv) any person or entity who or which purchased, sold, or otherwise acquired Endo ordinary shares on the Toronto Stock Exchange. Also excluded from the Settlement Class are any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. The provisional certification of the Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court, or if for any other reason the Effective Date does not occur, including as a result of any appeals.

3.      Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure are likely to be found to be satisfied as:  (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Lead Plaintiff and Lead Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiff is appointed as representative for the Settlement Class and Lead Counsel is appointed as counsel for the Settlement Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf

of Lead Plaintiff and the other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.  These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

       5.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

       6.      **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on _____, 2019 at __:__ _.m. in Courtroom 9-A of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse at 601 Market Street, Philadelphia, Pennsylvania, 19106, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the Settlement Class should be certified for settlement purposes; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the

Settlement.  Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 8 of this Order.

7.      The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

        a.      within ten (10) business days after entry of this Order, Endo shall provide to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Plaintiff or the Settlement Class, Plaintiffs' Counsel or the Claims Administrator, in electronic format, such as Excel, shareholder lists of purchasers of record during the Class Period (consisting of names and addresses, as well as e-mail addresses, if available), to the extent Endo or its transfer agent has such lists available;

        b.      not later than twenty-five (25) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 2, to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members at the mailing addresses and/or the e-mail addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable efforts, and shall cause a copy of the Notice and Claim Form (the "Notice Packet") to

be mailed to the brokers and nominees contained in the Claims Administrator's broker database (*see* ¶ 10 below);

        c.    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 3, respectively, to be posted on the Settlement Website, from which copies of the Notice and Claim Form can be downloaded;

        d.    not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in both *Investor's Business Daily* and *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

        e.    not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

        9.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Postcard Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and forms set forth in ¶ 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of Settlement Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead

Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of Settlement Class Members' right to exclude themselves from the Settlement Class, and of Settlement Class Members' right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed (and/or e-mailed), posted and published, respectively.

10.   **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired Endo common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail and/or e-mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with

any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel and the Claims Administrator; and (d) the Claim

Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein; and (d) will be barred and enjoined from bringing any action, claim or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiff Claims in the event the Effective Date occurs with respect to the Settlement, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than fifteen (15) business days prior to Settlement Fairness Hearing, to: *SEB Investment Management AB v. Endo International plc, et al. Settlement*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91311, Seattle, WA 98111-9411, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *SEB*

*Investment Management AB v. Endo International plc, et al.,* Civ. A. No. 2:17-CV-3711-TJS";
(iii) state the number of shares of Endo common stock that the person or entity requesting
exclusion purchased/acquired and/or sold during the Class Period (i.e., the period of time between
November 30, 2012 and June 8, 2017, inclusive), as well as the dates, number of shares of Endo
common stock, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the
person or entity requesting exclusion or an authorized representative.  A request for exclusion shall
not be effective unless it provides all the required information and is received within the time stated
above, or is otherwise accepted by the Court.  Lead Counsel shall provide Defendants' Counsel
with copies of any requests for exclusion from the Settlement Class, and any written revocations
of requests for exclusion, on a rolling basis as expeditiously as possible, by email.  Upon receiving
any request for exclusion, Lead Counsel shall promptly, and no later than five (5) calendar days
after receiving a request for exclusion or twelve (12) business days prior to the Settlement Fairness
Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and
provide copies of such request for exclusion and any documentation accompanying it by email.

15.     Any person or entity who or which timely and validly requests exclusion in
compliance with the terms stated in this Order and is excluded from the Settlement Class shall not
be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or
judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request
exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have
waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred
from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be
bound by the provisions of the Stipulation and Settlement and all proceedings, determinations,

10

orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred and enjoined from bringing any action, claim or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiff Claims in the event the Effective Date occurs with respect to the Settlement, as more fully described in the Stipulation and Notice.

17.     **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 18 below, a notice of appearance such that it is received no later than fifteen (15) business days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and

11

Defendants' Counsel at the addresses set forth below such that they are received no later than fifteen (15) business days prior to the Settlement Fairness Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Sharan Nirmul, Esq. | Jeff G. Hammel, Esq. |
| Kessler Topaz Meltzer | Latham & Watkins LLP |
| & Check LLP | 885 Third Avenue |
| 280 King of Prussia Road | New York, NY  10022 |
| Radnor, PA 19087 | |

19.     Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Endo common stock that the objector purchased/acquired and/or sold during the Class Period (i.e., the period between November 30, 2012 and June 8, 2017, inclusive), as well as the dates, number of shares of Endo common stock, and prices of each such purchase/acquisition and/or sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and

12

any exhibits they intend to introduce into evidence at the hearing.  Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff Claims against each and all of the Defendant Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, subject to the pre-Effective Date $750,000 maximum set forth in ¶ 17 of the Stipulation, shall be paid as set forth in the Stipulation without further order of the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

13

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation.

26.    **Use of this Order** – Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation and the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendant Releasees as

14

evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

27.   **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty five (35) calendar

15

days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

28.     **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials.  Defendants shall be responsible for all costs and expenses related to CAFA notice.

29.     The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this _____ day of _____, 2019.


_____
TIMOTHY J. SAVAGE
United States District Judge

16

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Civ. A. No. 2:17-CV-3711-TJS |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | |
| ENDO INTERNATIONAL PLC, *et al.*, | |
| Defendants. | |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Eastern District of Pennsylvania ("Court") if, during the period between November 30, 2012 and June 8, 2017, inclusive ("Class Period"), you purchased or otherwise acquired Endo International plc and/or Endo Health Solutions Inc. (together, "Endo") common stock or ordinary shares[1], and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff SEB Investment Management AB ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 20 below), has reached a proposed settlement of the Action with Endo and certain of its former employees and officers, (collectively, "Defendants") for $82,500,000 in cash that, if approved, will resolve all claims in the Action ("Settlement").

---

[1]  Effective February 28, 2014, all of Endo Health Solutions Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis. Accordingly, persons and entities who purchased or otherwise acquired either common stock or ordinary shares (collectively, "common stock") between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby are Settlement Class members.

[2]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 22, 2019 ("Stipulation"), which is available at www.EndoSecuritiesLitigationSettlement.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 64 below).**

**Additional information about the Settlement is available on the website, www.EndoSecuritiesLitigationSettlement.com.**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by an Endo investor alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶¶ 11-19 below. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 20 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $82,500,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon while in escrow ("Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages consultant's estimate of the number of shares of Endo common stock purchased or otherwise acquired during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of Endo common stock is approximately $0.44.[3] **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Endo common stock; (ii) whether they sold their shares of Endo common stock and, if so, when; (iii) the total number and value of valid Claims submitted to participate in the Settlement; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

---

[3] An allegedly damaged share of Endo common may have been traded more than once during the Class Period and this estimated average recovery is the total for all purchasers of that share.

4.     **Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share of Endo common stock that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel, Kessler Topaz Meltzer & Check, LLP, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $1.3 million, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $50,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Endo common stock, if the Court approves Lead Counsel's fee and expense application, is approximately $0.09 per share. **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA  19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-authorized Claims Administrator at:  *SEB Investment Management AB v. Endo International plc, et al. Settlement*, c/o JND Legal Administration, P.O. Box 91311, Seattle, WA 98111-9411; 1-844-961-0316; info@EndoSecuritiesLitigationSettlement.com; www.EndoSecuritiesLitigationSettlement.com.

7.     **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. In reaching the Settlement, Lead Counsel also considered Endo's ability to fund a settlement or future judgment in an amount greater than the Settlement Amount. Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO A HEARING ON _____, 2019 AT __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2019, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Fairness Hearing – currently**

scheduled for _____, 2019 at __:___ _.m. – is subject to change without further notice to the Settlement Class.  If you plan to attend the hearing, you should check the website www.EndoSecuritiesLitigationSettlement.com or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice?                                                  Page __
What Is This Case About?                                                                    Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                       Page __
What Are Lead Plaintiff's Reasons For The Settlement?                        Page __
What Might Happen If There Were No Settlement?                               Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                                       Page __
How Do I Participate In The Settlement?  What Do I Need To Do?       Page __
How Much Will My Payment Be?                                                         Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                                       Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                             Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak
    At The Hearing If I Don't Like The Settlement?                               Page __
What If I Bought Shares Of Endo Common Stock On Someone Else's
    Behalf?                                                                                           Page __
Can I See The Court File?  Whom Should I Contact If I Have
    Questions?                                                                                     Page __
Proposed Plan of Allocation of Net Settlement Fund Among
    Authorized Claimants                                                                     Appendix A

| WHAT IS THE PURPOSES OF THIS NOTICE? |
|---|

8.      The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform potential Settlement Class Members of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform potential Settlement Class Members of the terms of the proposed

Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶ 54 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.    This is a securities class action against Endo and certain of its former executives. Lead Plaintiff alleges that, during the Class Period, Defendants made false and misleading statements and failed to disclose material adverse facts regarding the putative safety and abuse-deterrent properties of Reformulated Opana, an opioid analgesic indicated for the management of severe pain that requires daily opioid treatment.

12.    The Action was commenced on August 18, 2017, with the filing of a putative securities class action complaint in this Court. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiffs. By Order dated December 4, 2017, the Court appointed SEB Investment Management AB as lead plaintiff and Kessler Topaz Meltzer & Check, LLP as lead counsel.

13.    On February 5, 2018, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), asserting claims against Endo and certain of its directors and officers under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), and §§ 11 and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k and 77o.

14.    All defendants named in the Amended Complaint moved to dismiss the Amended Complaint on April 2, 2018 ("Motion to Dismiss"). By Memorandum Opinion dated December 10, 2018, the Court granted in part and denied in part defendants' Motion to Dismiss the Amended Complaint; specifically, the Court dismissed all claims asserted against several individual defendants.

15.    Thereafter, the Parties commenced discovery. Discovery included, among other things, the exchange of document requests and interrogatories between the Parties, the production of approximately 190,000 documents by the Parties, document subpoenas to eighteen non-parties and their production of approximately 230,000 additional documents, the exchange of expert reports on class certification and depositions of the Parties' class certification experts, and the notice and scheduling of depositions for several fact witnesses. Lead Plaintiff also filed a motion

for class certification (the "Motion to Certify") on May 22, 2019, which Defendants opposed. On May 23, 2019, upon stipulation of the Parties, the Court dismissed without prejudice Counts III and IV of the Amended Complaint, constituting all claims under §§ 11 and 15 of the Securities Act, with the effect that several additional individual defendants were dismissed from the Action.

16.     Previously, at Endo's request, Lead Plaintiff was invited to participate in a February 4, 2019 formal mediation before former U.S. District Court Judge Layn R. Phillips ("Judge Phillips") which also involved the parties in several other pending securities class action cases against Endo. That mediation session was unsuccessful with respect to the Action, as the Parties were too far apart in their respective positions to reach a resolution of the Action at that time.

17.     While Lead Plaintiff's Motion to Certify was pending, and after the Parties had conducted significant document discovery and depositions were scheduled to begin, and following several months of further negotiation facilitated by Judge Phillips, the Parties accepted a mediator's recommendation on July 15, 2019 to resolve the Action for $82.5 million in cash.

18.     After additional weeks of negotiations regarding the specific terms of their agreement, the Parties, on August 22, 2019, entered into the Stipulation, which sets forth the final terms and conditions of the Settlement. The Stipulation can be viewed at www.EndoSecuritiesLitigationSettlement.com.

19.     On _____, 2019, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

20.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class provisionally certified by the Court for purposes of effectuating the Settlement consists of:

> **All persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are: (i) present or former executive officers and directors of Endo during the Class Period, including the Individual Defendants, the Dismissed Defendants, and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (ii) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; (iii) any entity in which the foregoing entities or individuals have or had a controlling interest, or any affiliate of Endo; and (iv) any person or entity who or which purchased, sold, or otherwise acquired Endo ordinary shares on the Toronto Stock Exchange. Also excluded from the Settlement Class are any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2020.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

21.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. Moreover, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial and that Lead Plaintiff would not be able to establish that Defendants acted with the requisite intent. Even assuming Lead Plaintiff could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false or misleading statements would be hotly contested. Additionally, Lead Plaintiff and Lead Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through the completion of discovery, further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

22.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $82,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after further discovery, summary judgment, trial, and appeals, possibly years in the future.

23.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

24.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the

Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25.     The law firm of Kessler Topaz Meltzer & Check, LLP was appointed to represent all Settlement Class Members. These lawyers are called Lead Counsel.  You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. As a Settlement Class Member, you are represented by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, such counsel must file a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

26.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

27.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

28.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff Claim (as defined in ¶ 29 below) against the Defendant Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff Claims against any of the Defendant Releasees. It is an important element to Defendants' participation in this Settlement that the Defendant Releasees obtain the fullest possible release from liability from Lead Plaintiff and any other Settlement Class Member relating to the Released Claims, and it is the intention of the Parties that any liability of the Defendant Releasees relating to the Released Claims be eliminated.

29.     "Released Plaintiff Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters,

and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, direct or derivative, class or individual in nature, apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly, representatively or derivatively, that have been or could have been asserted against any of the Defendant Releasees in any court or forum based upon any allegations, transactions, facts, matters or occurrences, representations, omissions, or asserted damages through the Effective Date, including but not limited to claims under the Securities Act and/or the Exchange Act and that relate to the purchase, other acquisition, or sale of Endo common stock or ordinary shares on a United States securities exchange during the Class Period. "Released Plaintiff Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) any of the claims currently asserted (or asserted in the future solely to correct technical pleading deficiencies in the claims currently asserted) in any of the following actions: *Pub. Emps.' Ret. Sys. of Miss. v. Endo Int'l plc*, No. 2017-02081-MJ (Chester C.C.P.), *Pelletier v. Endo Int'l plc*, No. 2:17-cv-05114-JP (E.D. Pa.), and *Makris v. Endo Int'l plc*, No. 17-cv-573962 (Ontario Super. Ct. of Justice) (to the extent it makes claims with respect to shares that were not purchased on a United States securities exchange); or (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.     "Defendant Releasees" means (i) Defendants and Dismissed Defendants and their attorneys; (ii) Defendants' and Dismissed Defendants' respective Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers and reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors and associates of each of the foregoing; and (iii) all current and former officers, directors, and employees of Endo, in their capacities as such.

31.     "Unknown Claims" means any Released Plaintiff Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendant Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims.  The definition of "Unknown Claims" expressly incorporates the claims set forth in California Civil Code § 1542, which the Parties have released pursuant to ¶ 7 of the Stipulation.

Pursuant to ¶ 7 of the Stipulation, with respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing**

**party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

32.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim (as defined in ¶ 33 below) against the Plaintiff Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff Releasees.

33.     "Released Defendant Claims" means any and all manner of actions, suits, claims, demands, rights, liabilities, damages, costs, duties, controversies, obligations, debts, sums of money, contracts, agreements, promises, losses, judgments, allegations, arguments, causes of action, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, direct or derivative, class or individual in nature, apparent or unapparent, whether concealed or hidden and causes of action of every nature and description, including both known and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory, administrative, or common law or any other law, rule or regulation, at law or in equity, whether held directly, representatively or derivatively, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendant Claims" do not include any claims relating to the enforcement of the Settlement.

34.     "Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

35.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked *(if mailed), or submitted online at* ***www.EndoSecuritiesLitigationSettlement.com, no later than _____, 2020***. You can obtain a copy of the Claim Form on the website, www.EndoSecuritiesLitigationSettlement.com, or on Lead Counsel's website, www.ktmc.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-961-0316, or by emailing the Claims Administrator at info@EndoSecuritiesLitigationSettlement.com. **Please retain all records of your ownership of and transactions in Endo common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $82,500,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in ¶ 2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

39.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants and the other Defendant Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

40.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiff Claims (as defined in ¶ 29 above) against

the Defendant Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiff Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

41.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Endo common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible shares of Endo common stock purchased/acquired during the Settlement Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Endo common stock during the Class Period may be made by the Employee Plan(s)' trustees.

42.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

44.     Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**45.     Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

46.     Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses. Lead Counsel's application for attorneys' fees will not exceed 20% of the Settlement Fund plus reimbursement of Litigation Expenses not to exceed $1.3 million incurred in connection with the prosecution and resolution of this Action, plus interest. Lead Counsel's application for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $50,000, will be filed by _____, 2019, and the Court will consider this application at the Settlement Fairness Hearing. A copy of Lead Counsel's application for fees and expenses will be available for review at www.EndoSecuritiesLitigationSettlement.com once it is filed. Any award of attorneys' fees and reimbursement of Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiff, will be paid from the Settlement Fund prior to allocation and payment to Authorized

Claimants. ***Settlement Class Members are not personally liable for any such attorneys' fees or expenses***.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

47.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *SEB Investment Management AB v. Endo International plc, et al. Settlement*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91311, Seattle, WA 98111-9411. The request for exclusion must be ***received*** no later than _____, **2019**. You will not be able to exclude yourself from the Settlement Class after that date.

48.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *SEB Investment Management AB v. Endo International plc, et* al., Civ. A. No. 2:17-CV-3711-TJS"; (iii) state the number of shares of Endo common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (i.e., the period of time between November 30, 2012 and June 8, 2017, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

49.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 48 and is received within the time stated above, or is otherwise accepted by the Court.

50.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff Claim against any of the Defendant Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiff Claims. **Please note**, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

51.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

52.     Endo International plc has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed by Lead Plaintiff and Endo International plc.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

53.     **Settlement Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class. If you plan on attending the hearing, please check the website, www.EndoSecuritiesLitigationSettlement.com or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.

54.     The Settlement Fairness Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Timothy J. Savage at James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA, 19106, Courtroom 9-A. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

55.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Pennsylvania at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel at the addresses set forth below **on or before _____, 2019**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Eastern District of Pennsylvania James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA  19087 | Jeff G. Hammel, Esq. Latham & Watkins LLP 885 Third Avenue New York, NY  10022 |

56.     To object, you must send a letter to the Court saying that you object to the Settlement in *SEB Investment Management AB v. Endo International plc, et al.*, Civ. A. No. 2:17-CV-3711-TJS, and stating the reasons that you object to the Settlement, or any part thereof.

57.     Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) state with specificity the grounds for the Settlement Class

Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (v) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of shares of Endo common stock that the objector purchased/acquired and/or sold during the Class Period (i.e., the period of time between November 30, 2012 and June 8, 2017, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale.

58.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

59.     You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

60.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 55 above so that it is ***received on or before*** _____, **2019**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

61.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 55 above so that the notice is ***received*** **on or before** _____, **2019**.

62.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF ENDO COMMON STOCK ON SOMEONE ELSE'S BEHALF?

63.     If you purchased or otherwise acquired Endo common stock between November 30, 2012 and June 8, 2017, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *SEB Investment Management AB v. Endo International plc, et al. Settlement*, c/o JND Legal Administration, P.O. Box 91311, Seattle, WA 98111-9411. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may be obtained from the Settlement Website, www.EndoSecuritesLitigationSettlement.com, or from Lead Counsel's website, www.ktmc.com, by calling the Claims Administrator toll-free at 1-844-961-0316, or by emailing the Claims Administrator at info@EndoSecuritiesLitigationSettlement.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

64.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.EndoSecuritiesLitigationSettlement.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.paed.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.  Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website for the Settlement, www.EndoSecuritiesLitigationSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*SEB Investment Management AB v. Endo International plc, et al. Settlement*
c/o JND Legal Administration
P.O. Box 91311
Seattle, WA  98111-9411
1-844-961-0316
info@EndoSecuritiesLitigationSettlement.com
www.EndoSecuritiesLitigationSettlement.com

and/or

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087
610-667-7706
info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                     By Order of the Court
                                             United States District Court
                                             Eastern District of Pennsylvania

18

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website for the Settlement, www.EndoSecuritiesLitigationSettlement.com. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Endo common stock over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages consultant considered price changes in Endo common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions. The calculations made pursuant to the Plan of Allocation, however, do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Endo common stock during the Class Period (*i.e.*, the period of time between November 30, 2012 and June 8, 2017, inclusive) and **held such common stock through** at least one of the alleged corrective disclosures that removed alleged artificial inflation related to that information. To that end, Lead Plaintiff's damages consultant has identified five dates on which alleged corrective disclosures removed alleged artificial inflation from the price of Endo common stock: May 10, 2013, January 10, 2017, March 9, 2017, March 14, 2017 and June 8, 2017.[4]

---

[4] The events that Lead Plaintiff and its damages consultant allege were corrective are as follows:  On May 10, 2013, the Food and Drug Administration ("FDA") denied Endo's Citizen Petition and its supplemental

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Endo common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Endo common stock purchased or otherwise acquired between November 30, 2012 and June 8, 2017, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.      For each share of Endo common stock purchased or otherwise acquired between November 30, 2012 and June 8, 2017, inclusive, and sold on or before September 6, 2017,[5] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the per-share sale

---

New Drug Application requesting abuse-deterrent labeling. *See* Amended Complaint ¶¶ 109-13. On January 10, 2017, the FDA announced that a Joint Meeting of the Drug Safety and Risk Management Advisory Committee and the Anesthetic and Analgesic Drug Product Advisory Committee ("Advisory Committee") would be held to discuss pre- and post- marketing data concerning the abuse of reformulated Opana ER, the overall risk-benefit of the product, and abuse of generic versions of the opioid. *See* Amended Complaint ¶¶ 137-39. On March 9, 2017, the FDA published its briefing documents in advance of the Advisory Committee's meeting, which included the FDA's preliminary views on the safety and abuse-deterrent properties of reformulated Opana ER. *See* Amended Complaint ¶¶ 141-45. Thereafter, on March 14, 2017, following the Advisory Committee meeting, committee members voted 18-8, with one abstention, that the benefits of reformulated Opana ER did not outweigh its risks, with a number of committee members recommending that the drug be removed from the market. *See* Amended Complaint ¶¶ 146-48. Finally, on June 8, 2017, the FDA announced that it had asked Endo to voluntarily withdraw reformulated Opana ER from the market. *See* Amended Complaint ¶¶ 149-50.  For the avoidance of doubt, Defendants dispute that any of the events or disclosures set forth in this footnote caused the stock price movements that allegedly followed them. Defendants further dispute that any of the events or disclosures corrected any alleged statements or omissions on the part of Defendants.

[5]  September 6, 2017 represents the last day of the 90-day period subsequent to the end of the Class Period, *i.e.*, June 8, 2017 (the "90-day look-back period;" the period of June 9, 2017 through September 6, 2017). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day look-back period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Endo common stock and the average price of Endo common stock during the 90-day look-back period if the common stock was held through September 6, 2017, the end of this period. Losses on Endo common stock purchased/acquired during the period between November 30, 2012 and June 8, 2017, inclusive, and sold during the 90-day look-back period cannot exceed the difference between the purchase price paid for the Endo common stock and the average price of Endo common stock during the portion of the 90-day look-back period elapsed as of the date of sale (the "90-Day look-back value"), as set forth in **Table 2** below.

price (excluding all fees, taxes, and commissions). To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

4.    A Claimant's Recognized Loss Amount per share of Endo common stock purchased or otherwise acquired during the Class Period will be calculated as follows:

A.    For each share of Endo common stock purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on May 10, 2013, the Recognized Loss Amount is $0.

B.    For each share of Endo common stock purchased or otherwise acquired during the Class Period and subsequently sold after the opening of trading on May 10, 2013 and prior to the close of trading on June 8, 2017, the Recognized Loss Amount shall be *the lesser of*:

(i)    the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below;[6] or

(ii)   the Out of Pocket Loss.

C.    For each share of Endo common stock purchased or otherwise acquired during the Class Period and subsequently sold after the close of trading on June 8, 2017 and prior to the close of trading on September 6, 2017 (*i.e.*, the last day of the 90-day look-back period), the Recognized Loss Amount shall be *the least of*:

(i)    the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1**;

(ii)   the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the 90-Day Look-back Value as set forth in **Table 2** below; or

---

[6]   Given that the allegedly corrective disclosure on May 10, 2013 occurred during trading hours, for purposes of this Plan of Allocation, the Claims Administrator will assume that any shares of Endo common stock purchased/acquired or sold on May 10, 2013 for a price *equal to or greater than $35.00* per share occurred *__prior__* to the release of the corrective information to the market, and any shares of Endo common stock purchased/acquired or sold on May 10, 2013 for a price *less than $35.00* per share occurred *__after__* the corrective information was released to the market. Likewise, given that the allegedly corrective disclosure on March 14, 2017 occurred during trading hours, for purposes of this Plan of Allocation, the Claims Administrator will assume that any shares of Endo common stock purchased/acquired or sold on March 14, 2017 for a price *equal to or greater than $10.50* per share occurred *__prior__* to the release of the corrective information to the market, and any shares of Endo common stock purchased/acquired or sold on March 14, 2017 for a price *less than $10.50* per share occurred *__after__* the corrective information was released to the market.

       (iii)    the Out of Pocket Loss.

D.     For each share of Endo common stock purchased or otherwise acquired during the Class Period and still held as of the close of trading on September 6, 2017 (*i.e.*, the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the lesser of***:

       (i)     the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

       (ii)    the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $10.33 (the average closing price of Endo common stock during the 90-day look-back period (*i.e.*, June 9, 2017 through September 6, 2017), as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

5.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶10 below) is $10.00 or greater.

6.     If a Settlement Class Member has more than one purchase/acquisition or sale of Endo common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

7.     Purchases/acquisitions and sales of Endo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Endo common stock during the Class Period, shall not be deemed a purchase, acquisition or sale of these shares of Endo common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Endo common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Endo common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Endo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Endo common stock. The date of a "short sale" is deemed to be the date of sale of the Endo common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Endo common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9.      Endo common stock traded on U.S. exchanges is the only security eligible for recovery under the Plan of Allocation. Endo common stock (including ordinary shares) traded on foreign exchanges is not eligible to participate in the Settlement. Option contracts to purchase or sell Endo common stock also are not securities eligible to participate in the Settlement. With respect to Endo common stock purchased or sold through the exercise of an option, the purchase/sale date of the Endo common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Endo common stock acquired during the Class Period through the exercise of an option on Endo common stock[7] shall be computed as provided for other purchases of Endo common stock in the Plan of Allocation.

10.      The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

11.      After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Plaintiff and approved by the Court.

12.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, including Lead Plaintiff's damages consultant, or the Defendant Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any orders of the Court. Lead Plaintiff, Lead Plaintiff's damages consultant, Defendants, all other Releasees,

---

[7]  This includes (1) purchases of Endo common stock as the result of the exercise of a call option, and (2) purchases of Endo common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

and their respective counsel, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation; or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

| TABLE 1<br>Estimated Alleged Artificial Inflation in Endo common stock | | |
|---|---|---|
| **From** | **To** | **Estimated Alleged Artificial Inflation Per Share** |
| 11/30/2012 | 5/10/2013 (prior to the release of the corrective information)[8] | $6.42 |
| 5/10/2013 (after the release of the corrective information) | 1/9/2017 | $4.30 |
| 1/10/2017 | 3/8/2017 | $3.32 |
| 3/9/2017 | 3/14/2017 (prior to the release of the corrective information)[9] | $2.86 |
| 3/14/2017 (after the release of the corrective information) | 6/8/2017 | $2.48 |

| TABLE 2<br>Endo common stock 90-Day Look-back Value by Sale/Disposition Date | | | |
|---|---|---|---|
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
| 6/9/2017 | $11.49 | 7/24/2017 | $11.52 |
| 6/10/2017 | $11.49 | 7/25/2017 | $11.52 |
| 6/11/2017 | $11.49 | 7/26/2017 | $11.52 |

[8]  As discussed in footnote 3 above, for purposes of the Plan of Allocation, the Claims Administrator will assume that any shares of Endo common stock purchased/acquired or sold on May 10, 2013 for a price *equal to or greater than $35.00* per share occurred *__prior__* to the release of the corrective information to the market.

[9]  As noted in footnote 3 above, for purposes of the Plan of Allocation, the Claims Administrator will assume that any shares of Endo common stock purchased/acquired or sold on March 14, 2017 for a price *equal to or greater than $10.50* per share occurred *__prior__* to the release of the corrective information to the market.

| TABLE 2 | | | |
|---|---|---|---|
| **Endo common stock 90-Day Look-back Value by Sale/Disposition Date** | | | |
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
| 6/12/2017 | $11.39 | 7/27/2017 | $11.51 |
| 6/13/2017 | $11.34 | 7/28/2017 | $11.50 |
| 6/14/2017 | $11.27 | 7/29/2017 | $11.49 |
| 6/15/2017 | $11.20 | 7/30/2017 | $11.49 |
| 6/16/2017 | $11.15 | 7/31/2017 | $11.48 |
| 6/17/2017 | $11.10 | 8/1/2017 | $11.46 |
| 6/18/2017 | $11.07 | 8/2/2017 | $11.44 |
| 6/19/2017 | $11.07 | 8/3/2017 | $11.41 |
| 6/20/2017 | $11.07 | 8/4/2017 | $11.38 |
| 6/21/2017 | $11.09 | 8/5/2017 | $11.34 |
| 6/22/2017 | $11.13 | 8/6/2017 | $11.31 |
| 6/23/2017 | $11.18 | 8/7/2017 | $11.28 |
| 6/24/2017 | $11.22 | 8/8/2017 | $11.23 |
| 6/25/2017 | $11.26 | 8/9/2017 | $11.17 |
| 6/26/2017 | $11.29 | 8/10/2017 | $11.12 |
| 6/27/2017 | $11.29 | 8/11/2017 | $11.06 |
| 6/28/2017 | $11.30 | 8/12/2017 | $11.01 |
| 6/29/2017 | $11.30 | 8/13/2017 | $10.96 |
| 6/30/2017 | $11.29 | 8/14/2017 | $10.91 |
| 7/1/2017 | $11.29 | 8/15/2017 | $10.87 |
| 7/2/2017 | $11.28 | 8/16/2017 | $10.83 |
| 7/3/2017 | $11.29 | 8/17/2017 | $10.80 |
| 7/4/2017 | $11.30 | 8/18/2017 | $10.77 |
| 7/5/2017 | $11.30 | 8/19/2017 | $10.74 |
| 7/6/2017 | $11.30 | 8/20/2017 | $10.72 |
| 7/7/2017 | $11.30 | 8/21/2017 | $10.69 |
| 7/8/2017 | $11.30 | 8/22/2017 | $10.66 |
| 7/9/2017 | $11.30 | 8/23/2017 | $10.63 |
| 7/10/2017 | $11.30 | 8/24/2017 | $10.60 |
| 7/11/2017 | $11.30 | 8/25/2017 | $10.58 |
| 7/12/2017 | $11.31 | 8/26/2017 | $10.56 |
| 7/13/2017 | $11.33 | 8/27/2017 | $10.54 |

25

| TABLE 2 | | | |
| Endo common stock 90-Day Look-back Value by Sale/Disposition Date | | | |
| Sale Date | 90-Day Look-back Value | Sale Date | 90-Day Look-back Value |
|---|---|---|---|
| 7/14/2017 | $11.35 | 8/28/2017 | $10.52 |
| 7/15/2017 | $11.37 | 8/29/2017 | $10.50 |
| 7/16/2017 | $11.38 | 8/30/2017 | $10.48 |
| 7/17/2017 | $11.41 | 8/31/2017 | $10.46 |
| 7/18/2017 | $11.42 | 9/1/2017 | $10.44 |
| 7/19/2017 | $11.44 | 9/2/2017 | $10.42 |
| 7/20/2017 | $11.46 | 9/3/2017 | $10.39 |
| 7/21/2017 | $11.48 | 9/4/2017 | $10.37 |
| 7/22/2017 | $11.50 | 9/5/2017 | $10.35 |
| 7/23/2017 | $11.52 | 9/6/2017 | $10.33 |

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.EndoSecuritiesLitigationSettlement.com for more information.*

The parties in *SEB Investment Management AB v. Endo International plc, et al.*, Civ. A. No. 2:17-CV-3711-TJS (E.D. Pa.) have reached a proposed settlement of claims against Endo International plc and Endo Health Solutions Inc. (together, "Endo") and certain of Endo's former executives (collectively, "Defendants"). If approved, the Settlement will resolve a lawsuit in which Lead Plaintiff alleged that Defendants made misrepresentations and omissions of material facts concerning the safety, efficacy, and sustainability of reformulated Opana ER. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: <u>all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares ("Endo common stock") between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby.</u>

Pursuant to the Settlement, Defendants have agreed to pay $82,500,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the action and the release of all claims asserted in the action and related claims. **For additional information regarding the Settlement and related procedures, please review the full Notice available on the Settlement Website, www.EndoSecuritiesLitigationSettlement.com.** If you are a Settlement Class Member, your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Endo common stock. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of common stock will be approximately $0.44 before deduction of Court-approved fees and expenses. Your share of the Settlement proceeds will be determined by the Plan of Allocation set forth in the Notice, or other plan ordered by the Court.

**To qualify for payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2020.** If you do not want to be legally bound by any releases, judgments or orders in the action, **you must exclude yourself** from the Settlement Class by **_____, 2019**. If you exclude yourself, you may be able to sue Defendants about the claims being resolved in the action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by **_____, 2019**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **_____, 2019 at __:__ _.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 20% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1.3 million (which equals a cost of approximately $0.09 per share of Endo common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-844-961-0316, email info@EndoSecuritiesLitigationSettlement.com or visit www.EndoSecuritiesLitigationSettlement.com.**

SEB Investment Management AB v. Endo
International plc, et al. Settlement
Claims Administrator
P.O. Box 91311
Seattle, WA 98111-9411

***COURT-ORDERED LEGAL NOTICE***
*SEB Investment Management AB v. Endo International plc, et al*., Civ. A. No. 2:17-CV-3711-TJS (E.D. Pa.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Notice carefully.**

**For more information, please visit www.EndoSecuritiesLitigationSettlement.com or call 1-844-961-0316**

EXHIBIT A-3

*SEB Investment Management AB v. Endo International plc, et al.* Settlement
c/o JND Legal Administration
P.O. Box 91311
Seattle, WA 98111-9411

Toll-Free Number:  1-844-961-0316
Email:  info@EndoSecuritiesLitigationSettlement.com
Website:  www.EndoSecuritiesLitigationSettlement.com

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT WWW.ENDOSECURITIESLITIGATIONSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2020**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE, OR ONLINE AT WWW.ENDOSECURITIESLITIGATIONSETTLEMENT.COM.**

| TABLE OF CONTENTS | PAGE # |
| --- | --- |
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT INFORMATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ENDO COMMON STOCK OR ORDINARY SHARES (COLLECTIVELY "ENDO COMMON STOCK")** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.      This Claim Form is directed to members of the Settlement Class, as defined in the Stipulation and Agreement of Settlement dated August 22, 2019 ("Stipulation") and Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice"), available for download on the website www.EndoSecuritiesLitigationSettlement.com.  Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 20 of the Notice.  Please read the Notice carefully.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in ¶ 20 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Endo common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Endo common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Endo common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Endo common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

6.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Endo common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Endo

common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

7.     **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Endo common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@EndoSecuritiesLitigationSettlement.com, or by toll-free phone at 1-844-961-0316, or you can visit the website for the Settlement maintained by the Claims Administrator, www.EndoSecuritiesLitigationSettlement.com, where copies of the Claim Form and Notice are available for downloading.

10.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.EndoSecuritiesLitigationSettlement.com, or you may email the Claims Administrator's electronic filing department at EDOSecurities@JNDLA.com.  **Any file that is not in accordance with the required electronic filing format will be subject to rejection.**  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at** EDOSecurities@JNDLA.com **to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE: YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN**

**ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 1-844-961-0316.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                    State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                 Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.

Page 5

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Claimant Account Type (check appropriate box)
- Individual (includes joint owner accounts)    •   Pension Plan        •   Trust
- Corporation                                   •   Estate
- IRA/401K                                      •   Other _____ (please specify)

---

[1]  If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 7 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN ENDO COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Endo International plc and/or Endo Health Solutions Inc. (together, "Endo") common stock or ordinary shares (collectively, "Endo common stock") on a United States securities exchange between November 30, 2012 and June 8, 2017, inclusive.[2] Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 5, above. Do not include information regarding securities other than Endo common stock. In addition, Endo ordinary shares purchased on the Toronto Stock Exchange are not eligible to participate in the Settlement.

| 1. HOLDINGS AS OF NOVEMBER 30, 2012 – State the total number of shares of Endo common stock held as of the opening of trading on November 30, 2012. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 30, 2012 THROUGH JUNE 8, 2017, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Endo common stock on a United States securities exchange from after the opening of trading on November 30, 2012 through and including the close of trading on June 8, 2017. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

**IMPORTANT:** If you received shares of Endo common stock through an acquisition or merger, please identify the date, the share amount, and the company acquired:

_____/_____/_____          _____          _____
MM / DD / YYYY                    Number of Merger Shares                    Company

---

[2] Effective February 28, 2014, Endo Health Solutions Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis.

**3.  PURCHASES/ACQUISITIONS FROM JUNE 9, 2017 THROUGH SEPTEMBER 6, 2017** – State the total number of shares of Endo common stock purchased/acquired (including free receipts) on a United States Securities exchange from after the opening of trading on June 9, 2017 through and including the close of trading on September 6, 2017.  (Must be documented.)  If none, write "zero" or "0."[3]

_____

| **4.  SALES FROM NOVEMBER 30, 2012 THROUGH SEPTEMBER 6, 2017, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Endo common stock from after the opening of trading on November 30, 2012 through and including the close of trading on September 6, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF SEPTEMBER 6, 2017** – State the total number of shares of Endo common stock held as of the close of trading on September 6, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

---

[3]  **Please note**:  Information requested with respect to your purchases/acquisitions of Endo common stock from after the opening of trading on June 9, 2017 through and including the close of trading on September 6, 2017 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff Claims against any of the Defendant Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.       that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.       that the claimant(s) is a (are) member(s) of the Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.       that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.       that I (we) own(ed) the Endo common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.       that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Endo common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.       that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7.       that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.       that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.       that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____    _____

Signature of claimant                                                                                   Date

_____

Print claimant name here

_____    _____

Signature of joint claimant, if any                                                            Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____    _____

Signature of person signing on behalf of claimant                               Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 8 on page __ of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-844-961-0316.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@EndoSecuritiesLitigationSettlement.com, or by toll-free phone at 1-844-961-0316 or you may visit www.EndoSecuritiesLitigationSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.ENDOSECURITIESLITIGATIONSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2020.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*SEB Investment Management AB v. Endo International plc, et al. Settlement*
c/o JND Legal Administration
P.O. Box 91311
Seattle, WA 98111-9411

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2020, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

EXHIBIT A-4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated, | Civ. A. No. 2:17-CV-3711-TJS |
|  | ELECTRONICALLY FILED |
| Plaintiff, |  |
| v. |  |
| ENDO INTERNATIONAL PLC, *et al.*, |  |
| Defendants. |  |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING**

**TO:** **All persons and entities who purchased or otherwise acquired Endo International plc and/or Endo Health Solutions Inc. (together, "Endo") common stock or ordinary shares[1] between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby ("Settlement Class").** Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated August 22, 2019 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement only and that the parties to the Action have reached a proposed settlement for $82,500,000 in cash ("Settlement") that, if approved, will resolve all claims in the Action. A hearing will be held on _____, 2019 at __:__ .m., before the Honorable Timothy J. Savage at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, Courtroom 9-A, to determine: (i) whether the proposed Settlement should be approved as fair,

---

[1] Effective February 28, 2014, all of Endo Health Solutions Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis. Accordingly, persons and entities who purchased or otherwise acquired common stock or ordinary shares (collectively, "common stock") between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby are Settlement Class members.

reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the Settlement Class should be certified for purposes of effectuating the Settlement; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice"). You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.EndoSecuritiesLitigationSettlement.com, or on Lead Counsel's website, www.ktmc.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *SEB Investment Management AB v. Endo International plc, et al. Settlement*, c/o JND Legal Administration, P.O. Box 91311, Seattle, WA 98111-9411; 1-844-961-0316; info@EndoSecuritiesLitigationSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than_____, 2020***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than_____, 2019***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than_____, 2019***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*SEB Investment Management AB v. Endo International plc, et al.* Settlement
c/o JND Legal Administration
P.O. Box 91311
Seattle, WA  98111-9411
1-844-961-0316
info@EndoSecuritiesLitigationSettlement.com
www.EndoSecuritiesLitigationSettlement.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

Sharan Nirmul
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087
1-610-667-7706
info@ktmc.com

DATED: _____ __, 2019                    BY ORDER OF THE COURT
                                                United States District Court
                                                Eastern District of Pennsylvania

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>ENDO INTERNATIONAL PLC, *et al.*,<br><br>                Defendants. | Civ. A. No. 2:17-CV-3711-TJS<br><br><u>ELECTRONICALLY FILED</u> |

### [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a putative securities class action is pending in this Court entitled *SEB Investment Management AB v. Endo International plc, et al.*, Civ. A. No. 2:17-CV-3711-TJS (the "Action");

WHEREAS, Lead Plaintiff SEB Investment Management AB, on behalf of itself and the Settlement Class (as defined below), and defendants Endo International plc, Endo Health Solutions Inc., Blaine T. Davis, Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Alan G. Levin, and Julie H. McHugh (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties") have entered into the Stipulation and Agreement of Settlement dated August 22, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted or that could have been asserted against Defendants and the other Defendant Releasees in the Action (i.e., the "Released Plaintiff Claims" as specifically defined in ¶ 1(rr) of the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2019 (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the proposed Settlement, finding that the Parties demonstrated that the Court would likely be able to approve the Settlement as being fair, reasonable, and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Settlement Fairness Hearing; (b) provisionally certified the Settlement Class solely for the purpose of effectuating the Settlement, preliminarily finding the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class were likely to be found to be satisfied; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2019 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be finally approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on August 22, 2019; and (b) the Postcard Notice, the Notice and the Summary Notice, all of which were filed with the Court on _____ __, 2019.

3.     **Certification of the Settlement Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as all persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares[1] between November 30, 2012 and June 8, 2017, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) present or former executive officers and directors of Endo during the Class Period, including the Individual Defendants, the Dismissed Defendants (as defined in the Stipulation), and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (ii) any of the foregoing entities' and individuals' legal representatives, heirs, successors or assigns; (iii) any entity in which the foregoing entities or individuals have or had a controlling interest, or any affiliate of Endo; and (iv) any person or entity who or which purchased, sold, or otherwise acquired Endo ordinary shares

---

[1]     Effective February 28, 2014, all of Endo Health Solutions, Inc.'s outstanding common stock was cancelled and converted into the right to receive Endo International plc ordinary shares on a one-for-one-basis.  Accordingly, persons and entities who purchased or otherwise acquired common stock or ordinary shares (collectively, "common stock") between November 30, 2012 and June 8, 2017, inclusive, and were damaged thereby are Settlement Class members.

3

on the Toronto Stock Exchange. Also excluded from the Settlement Class are any persons or entities who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court; such persons and entities are listed on the attached Exhibit 1.

4.      Lead Plaintiff is hereby appointed, for purposes of effectuating the Settlement only, as representative for the Settlement Class for purposes of Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP who was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5.      **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of:  (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) Settlement Class Members' right to exclude themselves from the Settlement Class; and (vi) Settlement Class Members' right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4

6.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.      [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

8.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11.     **Releases and Bars** – The Releases set forth in paragraphs 5 through 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff Claims against any of the Defendant Releasees.  It is an important element to Defendants' participation in this Settlement that the Defendant Releasees obtain the fullest possible release from liability to Lead Plaintiff or any Settlement Class Member relating to the Released Claims, and it is the intention of the Parties that any liability of the Defendant Releasees relating to the Released Claims be eliminated.

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Plaintiff Releasees.

(c)     With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or

7

existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

12.     Notwithstanding paragraphs 11(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation and the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against

any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation.  Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes and Tax Expenses paid, due or owing, shall be returned by the Escrow Agent to the parties who

contributed to the payment of the Settlement Amount as instructed by Defendants' Counsel, in accordance with the Stipulation.

19.     **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 20__.

_____
TIMOTHY J. SAVAGE
United States District Judge

**Exhibit 1**
**List of Persons and Entities Excluded from**
**the Settlement Class Pursuant to Request**