IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEB INVESTMENT MANAGEMENT AB,** Individually and On Behalf of All Others Similarly Situated | : : : : | **CIVIL ACTION** |
| v. | : : | |
| **ENDO INTERNATIONAL, plc, SUSAN HALL, ENDO HEALTH SOLUTIONS INC., PAUL V. CAMPANELLI, BLAINE T. DAVIS, MATTHEW W. DAVIS, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, IVAN GERGEL, DAVID P. HOLVECK, ALAN G. LEVIN, JULIE H. MCHUGH, SUKETU P. UPADHYAY, DANIEL A. RUDIO, ROGER H. KIMMEL, SHANE M. COOKE, JOHN J. DELUCCA, NANCY J. HUTSON, MICHAEL HYATT, WILLIAM P. MONTAGUE, JILL D. SMITH and WILLIAM F. SPENGLER** | : : : : : : : : : : : : : : | **NO. 17-3711** |

**ORDER**

**NOW**, this 10th day of September, 2019, upon consideration of Lead Plaintiff's Unopposed Motion for an Order Preliminarily Approving Proposed Class Action Settlement and Authorizing Dissemination of Notice to the Settlement Class (Document No. 83) and after a hearing, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.  The Stipulation and Agreement of Settlement ("Settlement Agreement") (Document No. 83-2) entered into between Lead Plaintiff SEB Investment Management AB and defendants Endo International plc, Endo Health Solutions Inc., Blaine T. Davis, Rajiv Kanishka Liyanaarchchie De Silva, Ivan Gergel, M.D., Alan G. Levin, and Julie H. McHugh ("Defendants") on August 22, 2019 is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated in this Order.

3. The following Settlement Class is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All persons and entities who purchased or otherwise acquired Endo common stock or ordinary shares between November 30, 2012 and June 8, 2017, inclusive (the "Class Period"), and were damaged thereby.
>
> Those excluded from the Settlement Class are defined in paragraph 1(xx) of the Settlement Agreement.

4. In the Amended Complaint, the Lead Plaintiff asserted claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77 and Section 15 of the Securities Act, 15 U.S.C. § 77o, alleging that Defendants misrepresented and omitted material facts regarding the safety and abuse-deterrent properties of a reformulated version of the semi-synthetic opioid medication Opana ER manufactured by Endo.  It claimed that as a result of the alleged misstatements and omissions, it suffered damages when it purchased Endo common stock during the Class Period because the price of the stock was artificially inflated during the Class Period, which caused the price of the stock to decline when the truth emerged.

5. Defendants asserted that certain of the price declines in Endo common stock on the alleged corrective disclosure dates were caused by factors unrelated to the alleged fraud, and that the "truth" regarding Defendants' alleged fraud was revealed prior to the end of the Class Period.

6. The Settlement Agreement resolves these claims alleging securities fraud and requires Endo International plc and Endo Health Solutions Inc. to pay Eighty-Two Million Five Hundred Thousand Dollars ($82,500,000.00) in cash ("Settlement Amount").

7. The Net Settlement Fund, which is the Settlement Amount less any notice and administration costs up to $750,000.00, any taxes and tax expenses, any litigation expenses up to $1,300,000.00 (including reimbursement of costs to Lead Plaintiff up to $50,000.00), and any award for attorneys' fees up to 20% of the Settlement Amount or $16,500,000.00, will be distributed to Settlement Class Members entitled to a distribution of the proceeds from the Settlement in accordance with a plan of allocation approved by the Court.

8. If the settlement is not finally approved, the defendants' stipulation to certification of the Settlement Class shall be null and void, and may not be used or relied upon by the Lead Plaintiff or any member of the Settlement Class for any purpose, nor may the findings set forth in this Order for purposes of Settlement Class Certification be used in connection with contested class certification proceedings or for any other purpose.

9. The Settlement Agreement is likely to be approved as fair, reasonable and adequate to the Settlement Class after a final approval hearing.

10. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. there are thousands of members of the Settlement Class;

    b. there are questions of fact and law that are common to all members of the Settlement Class;

      c.    the claims of the class representative are typical of those of the other members of the Settlement Class;

      d.    the class representative will fairly and adequately protect the interests of the Settlement Class; and

      e.    counsel for the Settlement Class, experienced in complex commercial and class action litigation, have and will continue to adequately represent the Settlement Class.

11. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

      a.    a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

      b.    questions of fact and law common to members of the Settlement Class predominate over any questions affecting only individual members.

12. Lead Plaintiff SEB Investment Management AB is appointed as the Class Representative.

13. Kessler Topaz Meltzer & Check, LLP is appointed as Lead Counsel for the Settlement Class.

14. JND Legal Administration is appointed as the Claims Administrator.

15. No later than **September 20, 2019**, Endo shall provide Lead Counsel with shareholder lists of purchasers of record during the Class Period, consisting of names, postal addresses and e-mail addresses.

16. No later than **October 7, 2019**, the Settlement Administrator shall establish the Settlement Website on which the Notice and Claim Form and other information related

to the Settlement will be posted and from which copies of the posted documents can be downloaded. The Settlement Website shall be maintained until at least **October 1, 2020**.

17. No later than **October 7, 2019**, the Claims Administrator shall provide notice to the Settlement Class Members by:

   a. causing a copy of the Postcard Notice, substantially in the form of Document No. 83-3 at ECF 44-45, to be mailed by first-class mail or e-mailed to potential Settlement Class Members at the mailing addresses and/or the e-mail addresses set forth in the records provided by the defendants, or who otherwise may be identified through further reasonable efforts;

   b. causing a copy of the Notice and Claim Form (the "Notice Packet"), substantially in the form of Document No. 83-3 at ECF 18-43, 46-56, to be mailed to the brokers and nominees contained in the Claims Administrator's broker database; and

   c. causing copies of the Notice Packet to be posted on the Settlement Website.

18. No later than **October 18, 2019** the Claims Administrator shall cause the Summary Notice, substantially in the form of Document No. 83-3 at ECF 57-59, to be published once in both *Investor's Business Daily* and *The Wall Street Journal* and to be transmitted once over the *PR Newswire*.

19. No later than **November 1, 2019**, the Claims Administrator shall file proof of mailing of the Class Notice required by paragraph 17 of this Order.

20. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice

practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

21. No later than **February 7, 2020**, Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein, except that Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.

22. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and out-of-pocket expenses by Class Counsel shall be filed no later than **November 1, 2019**.

23. Each Settlement Class Member shall have the right not to be included in the Settlement Class by mailing a request for exclusion to the Claims Administrator postmarked no later than **November 22, 2019**. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must comply with the terms set forth in the Class Notice.

24. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided; and (d) will be barred and enjoined from bringing

any action, claim or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiff Claims.

25. Unless and until they have submitted a timely request for exclusion from the Settlement Class, Settlement Class Members and their legally authorized representatives are preliminarily enjoined from:

a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction;

b. filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action); and

c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

26. No later than **November 22, 2019**, each Settlement Class Member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Clerk of Court and serving copies of the objections on Lead Counsel and Defendants' counsel.

27. Objections must contain the following: (1) a heading that refers to this action by case name and case number; (2) a statement of the specific legal and factual basis for each objection; (3) a statement whether the objecting person or entity intends to

appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Final Approval Hearing; and documentary proof of the objecting person's membership in the Settlement Class; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years.

28.   Failure to timely file and serve written objections in compliance with paragraph 27 of this Order will preclude a Settlement Class Member from objecting at the Final Approval Hearing.

29.   No later than **December 6, 2019**, the Claims Administrator shall file and serve on counsel a list of all persons who have timely opted out of the Settlement Class with its determinations as to whether any request to opt out of the Settlement Class was not submitted timely; and it shall provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was untimely.

30.   Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **December 11, 2019**, at **10:00 a.m.**, in **Courtroom 9A,** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

    a.   whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

   b. whether the proposed settlement is fair, reasonable and adequate in consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2);

   c. whether final approval should be granted;

   d. whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

   e. an award of attorneys' fees and expenses; and

   f. other such matters as the Court may deem appropriate.

  31. The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

/s/ Timothy J. Savage<br>
TIMOTHY J. SAVAGE, J.