UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENDO INTERNATIONAL PLC, *et al.*,<br><br>Defendants. | Civ. A. No. 2:17-CV-3711-TJS<br><br>ELECTRONICALLY FILED |

### [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

WHEREAS, by its Findings of Fact and Conclusions of Law and Order dated December 13, 2019 (ECF Nos. 96 & 97), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement dated August 22, 2019 (ECF No. 83-2) ("Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to eligible Settlement Class Members ("Plan of Allocation");

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $82,500,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Lead Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the mailed Postcard Notice and the posted Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Fairness Hearing (ECF No. 93-

2) ("Notice"), the deadline for Settlement Class Members to submit Claims to the Court-appointed claims administrator for the Settlement, JND Legal Administration ("JND"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Lead Plaintiff, through Lead Counsel, now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained jurisdiction over this Action, the Parties and each of the Settlement Class Members for all matters relating to this Action (ECF No. 97, ¶ 10).

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Luiggy Segura in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan submitted on behalf of JND ("Segura Declaration"); (ii) the Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Segura Declaration; and it is further

ORDERED, that the administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits C and D thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of JND rejecting the Claims described in the Segura Declaration and listed on Exhibit E thereto are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that JND be paid the sum of $205,799.91 from the Net Settlement Fund as payment for its outstanding fees and expenses incurred in connection with the administration of the Settlement and the fees and expenses expected to be incurred by JND in connection with the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, that JND conduct the Initial Distribution of the Net Settlement Fund as set forth in the Segura Declaration. As set forth in ¶ 49 of the Segura Declaration, 90% of the Net Settlement Fund shall be distributed in the Initial Distribution and the remaining 10% of the Net Settlement Fund shall be held in reserve (the "Reserve") in order to address any tax liability and claims administration-related contingencies that may arise following the Initial Distribution. Any Authorized Claimant who would have received a distribution of $10.00 or more, but less than $100.00 based on the total amount of the Net Settlement Fund shall be paid their full award now ("Claims Paid in Full") and shall not receive any future distributions from the Net Settlement Fund. Any Authorized Claimant who would have received a distribution of $100.00 or more based on the total amount of the Net Settlement Fund shall be paid 90% of their award now; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits C and D to the Segura Declaration pursuant to the Court-approved Plan of

Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such Exhibits; and it is further

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and JND are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than nine (9) months after the Initial Distribution, JND will, if cost-effective to do so, redistribute any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for such redistribution), and after deducting any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees; and it is further

ORDERED, that JND may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions if Lead Counsel, in consultation with JND, determines that additional distributions, after deducting any fees and expenses as described above, would be cost-effective; and it is further

ORDERED, that, at such time as Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after June 1, 2021 or Claims adjusted after June 1, 2021 may be paid in accordance with ¶ 49(f) of the Segura Declaration; and it is further

ORDERED, that any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after June 1, 2021, or Claims adjusted after June 1, 2021, in accordance with ¶ 49(f) of the Segura Declaration, which is not cost-effective to reallocate, will be contributed, after deducting any fees and expenses as described above, to non-sectarian, not-for-profit organization(s) recommended by Lead Plaintiff and approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that JND is hereby authorized to destroy paper copies of Claims and all supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund,

if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution and all electronic copies of the same one (1) year after all funds have been distributed; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

SO ORDERED this _____ day of _____ 2021.

_____
TIMOTHY J. SAVAGE
United States District Judge