IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEB INVESTMENT MANAGEMENT AB, Individually and On Behalf of All Others Similarly Situated | : : : : | CIVIL ACTION |
| v. | : : | |
| ENDO INTERNATIONAL, PLC, SUSAN HALL, ENDO HEALTH SOLUTIONS INC., PAUL V. CAMPANELLI, BLAINE T. DAVIS, MATTHEW W. DAVIS, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, IVAN GERGEL, DAVID P. HOLVECK, ALAN G. LEVIN, JULIE H. MCHUGH, SUKETU P. UPADHYAY, DANIEL A. RUDIO, ROGER H. KIMMEL, SHANE M. COOKE, JOHN J. DELUCCA, NANCY J. HUTSON, MICHAEL HYATT, WILLIAM P. MONTAGUE, JILL D. SMITH and WILLIAM F. SPENGLER | : : : : : : : : : : : : : | NO. 17-3711 |

## ORDER

**NOW**, this 8th day of September, 2021, upon consideration of the Plaintiff's Unopposed Motion for Approval of Distribution Plan (Document No. 98), the Declaration of Luiggy Segura, and the Findings of Fact, Conclusions of Law and the Order dated December 13, 2019 approving the parties' Stipulation and Agreement of Settlement, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The administrative determinations of JND accepting the Claims described in the Segura Declaration and listed on Exhibits C and D attached to the Declaration, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are **APPROVED** and the Claims are accepted.

2. The administrative determinations of JND rejecting the Claims described in

the Segura Declaration and listed on Exhibit E to the Declaration are **APPROVED** and the Claims are rejected.

3. JND shall be paid the sum of $205,799.91 from the Net Settlement Fund as payment for its outstanding fees and expenses incurred in connection with the administration of the Settlement and the fees and expenses expected to be incurred by JND in connection with the Initial Distribution of the Net Settlement Fund.

4. As set forth in ¶ 49 of the Segura Declaration, JND shall distribute 90% of the Net Settlement Fund in the Initial Distribution of the Net Settlement Fund and hold the remaining 10% of the Net Settlement Fund in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise following the Initial Distribution. Any Authorized Claimant who would have received a distribution of $10.00 or more, but less than $100.00 based on the total amount of the Net Settlement Fund shall be paid in full now and shall not receive any future distributions from the Net Settlement Fund. Any Authorized Claimant who would have received a distribution of $100.00 or more based on the total amount of the Net Settlement Fund shall be paid 90% of the award now.

5. The Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits C and D to the Segura Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on those Exhibits.

6. All checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF

NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and JND are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within ninety days of issuance.

7. Authorized Claimants who do not cash their checks within 90 days will forfeit all recovery from the Settlement.

8. After making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than nine (9) months after the Initial Distribution, JND shall redistribute any funds remaining in the Net Settlement Fund by reason of uncashed checks to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for such redistribution), and after deducting any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees.

9. JND may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions if Lead Counsel, in consultation with JND, determines that additional distributions, after deducting any fees and expenses as described above, would be cost-effective.

10. If Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after June 1, 2021 or Claims adjusted after June 1, 2021

may be paid in accordance with ¶ 49(f) of the Segura Declaration.

11. Any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after June 1, 2021, or Claims adjusted after June 1, 2021, in accordance with ¶ 49(f) of the Segura Declaration, which is not cost-effective to reallocate, will be contributed to Community Legal Services of Philadelphia, 1424 Chestnut Street, Philadelphia, Pennsylvania  19102.

12. All persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising from such involvement.

13. Pursuant to the release terms of the Settlement, all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement.

14. JND is authorized to destroy paper copies of Claims and all supporting documentation one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second Distribution, two (2) years after the Initial Distribution and all electronic copies one (1) year after all funds have been distributed.

15. The Court retains jurisdiction over any matter which may arise in connection with this action.

<u>/s/ TIMOTHY J. SAVAGE J.</u>